UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

POAH Communities LLC,
as Managing Agent for The Blackstone,

     Plaintiff,

     v.                                        CIVIL ACTION NO. 26-11856-MPK

Ty Calloway,

     Defendant.

ORDER OF REASSIGNMENT TO A DISTRICT JUDGE,
AND REPORT AND RECOMMENDATION FOR REMAND.

KELLEY, U.S.M.J.

I. Introduction and Background.

Ty Calloway, who proceeds in this case pro se, has filed a Notice of Removal (#1), seeking to remove the matter styled *POAH Communities LLC, as Managing Agent for The Blackstone v. Calloway*, Case No. 24H84SP003715 in the Massachusetts Eastern Housing Court (the "Housing Court"), to this Court.

For the reasons that follow, the court recommends to the District Judge to whom this case is assigned that the matter be remanded to the Housing Court.[1]

II. Recommendation for Remand.

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States ex rel. Willette v. Univ. of Mass.*, 812 F.3d 35, 44 (1st Cir. 2016). "[B]ecause removal jurisdiction raises serious federalism concerns, [federal

---

[1] Because the parties have not consented to the jurisdiction of the undersigned and it appears that the matter is subject to remand, the Clerk's Office shall reassign this case to a District Judge. *See* 28 U.S.C. § 636(b)(1).

courts] construe removal statutes *strictly* and *against* removal." *Rhode Island v. Shell Oil Products Co., L.L.C.*, 35 F.4th 44, 52 (1st Cir. 2022) (emphases in original).

Federal law provides for the removal of a civil action "brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A case removed under § 1441(a) must, however, meet the same jurisdictional requirements applicable to cases that originate in a federal district court. A federal court has jurisdiction over all civil actions "arising under" federal law. 28 U.S.C. § 1331.[2] Subject to certain exceptions not applicable here, for purposes of § 1331, a civil action arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (additional citations omitted).

"It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States." *Id.* Moreover, "the assertion of a federal claim by a defendant in its notice of removal cannot support the exercise of federal question jurisdiction[.]" *Watson v. Toure,* Civil Action No. 20-10349-PBS, 2020 WL 837360, at *2 (D. Mass. Feb. 20, 2020)). Rather, "'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *Templeton Bd. of Sewer Comm'rs v. Am. Tissue Mills of Mass., Inc.*, 352 F.3d 33, 37 (1st Cir. 2003) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)) (additional citation omitted).

Here, Calloway appears to seek removal on the basis that the Plaintiff violated "federal regulations" and his "constitutional right to a fair tria[l]" in the state court proceedings. The matter

---

[2] A federal court also has subject-matter jurisdiction over civil actions between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Calloway, who bears the burden of demonstrating the existence of federal jurisdiction in seeking removal, *see BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers*, 132 F.3d 824, 831 (1st Cir. 1997), does not appear to seek removal on this basis.

he seeks to remove, however, did not arise under federal law and was instead one for summary process under Mass. Gen. Laws ch. 185C, § 19 for nonpayment of rent. *See* #90 at 1-2, Docket Report for Case No. 24H84SP003715.

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See Raymond C. Green Trust v. Fiorillo*, Civil Action No. 22-11724-ADB, 2022 WL 16857197, at *1 (D. Mass. Nov. 10, 2022) ("Subject matter jurisdiction under Section 1447(c) can be entertained at any time and it can be either raised by the Court sua sponte or by the parties to the proceedings.") (additional quotations and citation omitted). Because this matter is not one over which this court has subject-matter jurisdiction, the court lacks removal jurisdiction.[3]

III. Conclusion.

For the above reasons, the court recommends to the District Judge to whom this case is assigned that the matter be remanded to the Housing Court.[4]

June 23, 2026                                                /s/ M. Page Kelley
                                                            M. Page Kelley
                                                            United States Magistrate Judge

---

[3] To the extent Calloway also seeks removal of *Calloway et al. v. Cristina Taborda Property Manager of POAH Communities, LLC, et al.*, Case No. 23H84SC000137 in the Housing Court and a separate matter in which he is a named plaintiff, this court is similarly without subject-matter jurisdiction. *See Abulkhair v. Liberty Mut. Ins. Co.*, 379 Fed. Appx. 130, 132 (3d Cir. May 12, 2010) (recognizing that the plaintiff could not remove his own suit to federal court and directing remand) (citing *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339, 343 n.4 (3d Cir. 1974)).

[4] Pursuant to Fed. R. Civ. P. 72, any party who objects to this report and recommendation must file specific written objections with the Clerk of this Court within fourteen days of service of the report and recommendation. Any objection must specifically identify the portion(s) of the report and recommendation to which objections are made and state the basis for such objections. Failure to comply with Rule 72 will preclude further appellate review.